IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ACCESS CREDIT MANAGEMENT, INC.**                                                           **PLAINTIFF**

v.                                           No. 4:13CV315 KGB

**KATHRYN LACY**                                                                                          **DEFENDANT**

v.

**ACCESS CREDIT MANAGEMENT, INC.**                                           **COUNTERDEFENDANT**

## ORDER

Before the Court is defendant Kathryn Lacy's motion to remand (Dkt. No. 7) to which plaintiff Access Credit Management, Inc. ("ACM") has responded in opposition. For the reasons that follow, Ms. Lacy's motion is granted, and this case is remanded to the Circuit Court of Pulaski County, Arkansas.

ACM filed this action against Ms. Lacy in state court to collect an overdue account. Ms. Lacy answered and filed a counterclaim alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Arkansas Fair Debt Collection Practices Act, and negligence. ACM removed the action to this Court on May 24, 2013. ACM contends that removal is proper because Ms. Lacy's FDCPA counterclaim arises under federal law.

The existence of federal question jurisdiction is determined from the face of the plaintiff's well-pleaded complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). "[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction." *Id.* at 60 (quoting *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002)); *see, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (holding that a plaintiff against whom a counterclaim

is asserted does not have a right of removal); *City of Paragould v. Watkins*, 2012 WL 3637924 (E.D. Ark. Aug. 23, 2012) (holding that plaintiff could not remove action based on defendant's counterclaim arising under federal law); *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, 478 F. Supp. 2d 861 (E.D. Va. 2006) (same, and refusing to realign the parties); *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1119 (D. Minn. 2001) ("It is well-established that plaintiffs do not have a right of removal.").

ACM contends that removal is proper because, having taken an assignment of the debt from the original creditor, it is more akin to a third-party defendant. It relies on *Northstar Capital Acquisitions, LLC v. Krig*, 2007 WL 3522425 (M.D. Fla. Nov. 15, 2007). The defendant in *Northstar* filed a counterclaim against the plaintiff debt collector and a third-party complaint against the plaintiff's former attorneys alleging violations of the FDCPA. Acknowledging that "most federal courts have determined that third party defendants do not have the right to remove a case," the court, bound by Fifth Circuit precedent, permitted removal. *Id.* at *1.

ACM's reliance on *Northstar* is misplaced. Even if ACM could be considered a third-party defendant,[1] the Eighth Circuit has held that, in almost all cases, a third-party defendant may not remove a case to federal court under 28 U.S.C. § 1441(c). *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991).

\* \* \*

Ms. Lacy's FDCPA counterclaim does not provide a proper basis for removal. Accordingly, Ms. Lacy's motion to remand is granted, and this case is remanded to the Circuit Court of Pulaski County, Arkansas.

---

[1] The *Northstar* court distinguished the third-party defendant in that case from "a counterclaim defendant who was already in the lawsuit as the original plaintiff" and who does not have a right of removal. *Northstar*, 2007 WL 3522425, at *2.

SO ORDERED this 5th day of August, 2013.

_____
Kristine G. Baker
United States District Judge